CITY OF DETROIT *v.* KLOCKNER, INC.

1. CONSTITUTIONAL LAW—TAXATION—IMPORTS.

    Storage of imports in warehouses other than those belonging to importer, *e.g.,* those of a purchaser from the importer, does not alter the character of the goods as imported goods.

2. SAME—TAXATION—IMPORTS—ORIGINAL PACKAGE.

    For goods imported for resale to lose their character as imports thus enabling a state to levy *ad valorem* taxes on them, there must be a sale or a breaking of the original package; thus steel wire imported by defendant was immune from taxation where it remained in original packages and where it remained in control of defendant because of its having been rejected by defendant's vendee as damaged and failing to meet vendee's specification.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur, Taxation § 104.

Appeal from Michigan State Tax Commission, affirming city of Detroit Board of Assessors. Submitted Division 1 March 5, 1968, at Detroit. (Docket No. 3,364.)   Decided December 2, 1968.   Leave to appeal granted March 20, 1969.   381 Mich 810.

The city of Detroit determined that the value of certain steel wire owned by Klockner, Incorporated, a foreign corporation, should be placed on the city of Detroit personal property assessment rolls. Defendant appealed to Michigan State Tax Commission which affirmed the determination. Defendant appeals. Reversed.

*Robert Reese,* Corporation Counsel, *Julius C. Pliskow* and *Arthur Yim,* Assistants Corporation Counsel, for plaintiff city of Detroit Board of Assessors.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *T. Carl Holbrook,* and *Richard R. Roesch,* Assistant Attorneys General, for plaintiff State Tax Commission.

*Hill, Lewis, Andrews, Adams & Goodrich (Timothy D. Wittlinger,* of counsel)., for defendant.

R. B. BURNS, J. Klockner is one of the domestic intermediaries referred to in *City of Detroit* v. *Kenwal Products Corporation* (1968), 14 Mich App 657. Appellant imported a large quantity of steel wire which was received at the Detroit Marine Terminal. Under terms of a contract with Ewald Steel Sales & Supply Company, Klockner was to truck the wire to a field warehouse in Detroit where it was to remain until Ewald withdrew it. Approximately

half of the steel was delivered to the field warehouse when Ewald notified appellant that the steel was unacceptable because of damage and failure to meet Ewald's specifications. Klockner ceased further deliveries and instructed its insurance carriers to sell the steel to salvagers. The city of Detroit placed a taxable valuation on the steel wire which was situated in the field warehouse on tax day. The steel located in the Detroit Marine Terminal was not assessed.

The City having conceded that Klockner is the importer of the steel wire, the question thus becomes, has the wire lost its character as an import?

Appellee contends that the transfer of possession by delivery to the warehouse being used by Ewald constituted such a loss of character. We find no merit in this argument.

*Brown* v. *Maryland* (1827), 25 US (12 Wheat) 419 (6 L Ed 678), and related cases indicated that nothing less than a sale or breaking of the "package" will alter the character of goods which have been imported for resale (as opposed to being imported for current inventory in the manufacturing process[*]). Neither of these events occurred in the case at hand. The steel wire never having been accepted by Ewald remained under the control of the importer (Klockner) in the form and shape in which it was brought into the country and as such was immune from taxation.

The fact that the steel was temporarily stored in Ewald's warehouse does not affect the outcome of this case. Storage of imports in warehouses other than those belonging to the importer does not destroy the character of the imports. *Southern Pac.*

---

[*] See *Youngstown Sheet & Tube Company* v. *Bowers* (1959), 358 US 534 (79 S Ct 383, 3 L Ed 2d 490).

*Co.* v. *City of Calexico* (SD Cal, 1923), 288 F 634, 642.

The order of the tax commission is vacated.

T. G. KAVANAGH, P. J., and FITZGERALD, J., concurred.